IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARA LYN HODGE,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | A-20-CV-742-DH |
| ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>*Defendant* | §<br>§<br>§<br>§<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

This is an appeal of a final decision of the Commissioner of the Social Security Administration denying an application for disability benefits. Before the Court are the parties' briefs (Dkt. Nos. 19 & 21), as well as the administrative record (Cited as "Tr.").

### I. GENERAL BACKGROUND

On August 14, 2017, Plaintiff Sara Lyn Hodge filed her application for disability insurance benefits, claiming disability beginning on January 2, 2014. The Commissioner denied Hodge's claim on February 6, 2018, and then again upon reconsideration on May 24, 2018. After Hodge requested and was provided a hearing, the Administrative Law Judge (ALJ) issued a decision on July 12, 2019, finding that Hodge was not disabled. The ALJ found that Hodge suffered from severe impairments of diabetes mellitus, fibromyalgia, bilateral carpal tunnel, and obesity. However, the ALJ found that the impairments did not meet or equal an impairment found in the Appendix 1 Listing of Impairments. In addition, the ALJ noted that Hodge had the residual functional capacity (RFC) to perform light work with restrictions and that the records did not support Hodge's subjective statements related to the limiting effects of her impairments. The ALJ, based on the RFC, then determined that Hodge could not perform her past relevant work, but,

1

based on the guidance of the vocational expert, found that Hodge had the RFC to perform other work existing in significant numbers in the national economy. As a result, the ALJ found that Hodge was not disabled for the relevant period and not entitled to disability insurance benefits or supplemental security income. Hodge requested review by the Appeals Council, which was denied by notice on May 8, 2020. Hodge has now exhausted her administrative remedies and seeks judicial review of the administrative proceedings under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step

five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden ... shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

      Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *Selders*, 914 F.2d at 617 ("If the ... findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g). A finding of no substantial evidence will only be made where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

### III.  THE ALJ's OPINION

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Hodge was disabled. 20 C.F.R. § 404.1520(a). *See* Tr. 13-24. At step one, the ALJ determined that Hodge had not engaged in substantial gainful activity since January 2, 2014, the alleged onset date. At step two, the ALJ found that Hodge had several severe impairments, including diabetes mellitus, fibromyalgia, bilateral carpal tunnel syndrome, and obesity. Furthermore, the ALJ found that Hodge did not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ, before proceeding to step 4, then calculated the Hodge's residual functional capacity ("RFC") and noted that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) and assessed as lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. She can occasionally climb ladders, ropes, scaffolds, ramps, and stairs. She can occasionally kneel, stoop, crouch, and crawl. She can frequently handle bilaterally. She should avoid concentrated exposure to repetitive vibrations.

Tr. 18. At step four, the ALJ concluded that Hodge is not capable of performing any of her past relevant work. Finally, given that the vocational expert testified that Hodge had acquired work skills from her past relevant work, the ALJ, taking into account Hodge's age, education, work experience, and RFC, noted that Hodge had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. The ALJ therefore concluded that Hodge was not disabled and that she was not under a disability as defined by the Social Security Act from January 2, 2014, through the date of the ALJ's decision.

## IV. ANALYSIS

Hodge argues on appeal that the RFC is not supported by substantial evidence because: (1) the ALJ failed to properly consider Hodge's fibromyalgia when formulating the RFC; and (2) the ALJ failed to adequately account for Hodge's limitations in maintaining concentration, persistence, and pace when assessing her RFC. Dkt. No. 19. The Commissioner argues that the ALJ's RFC finding is based on substantial evidence and that the ALJ properly developed the record in this case. Dkt. No. 21. The Court agrees with the Commissioner. The Court finds that substantial evidence supports both the ALJ's RFC determination as well as the ALJ's determination that Hodge was not disabled during the adjudicated period.

Hodge first argues that the ALJ's RFC is unsupported by the evidence because the ALJ failed to properly consider Hodge's fibromyalgia. Dkt. No. 19 at 12-16. Specifically, Hodge asserts that "given the elusive nature of fibromyalgia," the ALJ failed to give proper consideration to Hodge's subjective complaints related to her fibromyalgia. *Id*. at 16. The Commissioner responds that there must be sufficient objective evidence to support a finding that any impairment, including fibromyalgia, "so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity." Dkt. No. 21 at 5-7.

The Court finds that the ALJ properly considered Hodge's fibromyalgia in developing Hodge's RFC. The ALJ included fibromyalgia as one of Hodge's severe impairments and considered Hodge's "intermittent treatment for pain" related to her fibromyalgia, finding that Hodge "would be appropriately limited to light work while performing postural tasks occasionally." Tr. 16, 21. The record shows that the ALJ specifically included postural limitations in her RFC assessment to account for the weakness and pain from fibromyalgia. *See* Tr. 21; *see also Lopez v. Saul*, 2020 WL 4934462, at *8 (W.D. Tex. Aug. 22, 2020) (finding that the ALJ's

5

inclusion of postural limitations in the RFC assessment properly accounted for the plaintiff's "weakness and pain from fibromyalgia"). Accordingly, the Court finds that the RFC assessment sufficiently accounts for Hodge's fibromyalgia.

Next, Hodge argues that the RFC determination is not supported by substantial evidence because the ALJ failed to adequately account for Hodge's limitations in maintaining concentration, persistence, and pace when assessing her RFC. Dkt. No. 19 at 16-19. The ALJ found that Hodge had "mild limitation" in concentrating, persisting and maintaining pace. Tr. 17. The ALJ further found that although Hodge reported some difficulty with focus and concentration, "these findings were not documented in a mental status examination." *Id*.

Hodge emphasizes that the ALJ's RFC assessment did not properly account for the finding of mild limitations in concentrating, persisting, and maintaining pace. Dkt. No. 19 at 16-19. The Commissioner argues that the ALJ's restriction in the complexity of work tasks is a proper accommodation of Hodge's mild limitation in concentration, persistence, and pace. Dkt. No. 21 at 7. The Commissioner further argues that Hodge cannot show prejudice and that any error by the ALJ is harmless. *Id*. at 7-8. The Court agrees with the Commissioner. Because the ALJ's RFC assessment limited Hodge to unskilled work, the ALJ sufficiently accounted for Hodge's mild limitations in concentrating, persisting, and maintaining pace. *See Herrera v. Berryhill*, 2017 WL 979077, at *4 (W.D. Tex. Mar. 13, 2017); *Gipson v. Colvin*, 2013 WL 5945649, at *10 (S.D. Tex. Nov. 6, 2013). Hodge fails to identify any mental limitations documented in the record that the ALJ overlooked or which of the elements of concentration, persistence, and pace are absent in the ALJ's RFC determination. Further, Hodge has not identified any objective findings that would support a greater degree of restriction due to any mental impairments. *See Leggett*, 67 F.3d at 564. To the degree that Hodge argues that the record supports greater functional limitations, the Court

may not weigh the evidence as conflicts in the evidence are for the Commissioner to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Muse v. Sullivan*, 925 F.3d 785, 790 (5th Cir. 1991).

## V.  CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner is **AFFIRMED**.

**SIGNED** on August 25, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE